NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—November, 1886.

MATTER OF MODERNO.

*In the matter of the estate of* ANTONIO J. MODERNO, *de-
ceased.*

Under L. 1860, ch. 360, declaring that no person leaving a husband, wife,
child or parent shall devise or bequeath to any benevolent, etc., soci-
ety more than one half of his estate, after the payment of debts, the
value of the whole estate owned by a testator at the time of his death
is to be reckoned, including property of which the will expressly states
that it omits to dispose.

As to whether a Surrogate's court has authority to direct an executor to
expend funds of his decedent's estate, to discover facts, the disclosure
whereof is necessary to enable the court to construe the will as pre-
scribed in Code Civ. Pro., § 2624—*quære.*

CONSTRUCTION of will upon application for probate.

D. J. NEWLAND, *for proponent.*

DUNNING & FOWLER, *for legatee.*]

THE SURROGATE.—The Surrogate is asked to deter-
mine, in accordance with § 2624 of the Code of Civil
Procedure, the validity and effect of certain disposi-
tions contained in this testator's will.

The sole dispositive provision of that instrument is
as follows: "All my estate of every name and kind
and wheresoever situate, with the exception of my
real estate in the Island of Madeira, (of which I have
made testamentary disposition in accordance with the
laws prevailing there) I give, devise and bequeath

unto my executor in trust . . . to invest and keep the same invested and to collect the interest and income thereof and to apply the said interest and income to the use and benefit of my wife for and during her natural life, . . . and at the death of my said wife I give and bequeath the said principal sum to my executor in trust to divide the same in equal portions among the following named institutions." Then follow the names of four charitable and benevolent societies in the city of New York.

Chapter 360 of the Laws of 1860, entitled "An act relating to wills" (3 Banks, 7th ed., 2288), declares that "no person having a husband, wife, child or parent shall by his or her last will and testament devise or bequeath to any benevolent or charitable . . . society . . . *more than one half part of his or her estate after the payment of his or her debts,* and such devise or bequest shall be valid to the extent of one half and no more." It is claimed, in behalf of this testator's widow that for the purposes of this section his " estate " should be treated as coextensive with the property of which this will undertakes to make disposition, and that the real estate in Madeira should be thrown out of consideration.

This contention seems to me unsound. Before the court can determine whether the bequest to the societies in question is to any extent invalid, the value of the whole estate owned by the testator at his death must be ascertained, and the nature of the testamentary disposition of the real property in Madeira. The court must also be advised as to the value of the trust provision for the widow's benefit.

I can give no direction respecting the costs of making the suggested presentation of facts. I doubt my authority to direct the executor to expend moneys in this regard; and, even if the authority were beyond dispute, it would not be proper under the circumstances disclosed by the papers before me to require the representative of the estate, at the petitioner's instance, to incur expenses which events may possibly prove to be justly chargeable to the petitioner herself.